IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

| | |
|---|---|
| SORAYA DIASE COFFELT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOVERNMENT EMPLOYEES'<br>RETIREMENT SYSTEM OF THE VIRGIN ISLANDS,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Civil Action No. _____ |

Plaintiff Soraya Diase Coffelt, retired Judge of the Superior Court of the Virgin Islands, files this complaint against the Government Employees' Retirement System of the Virgin Islands (GERS) under 28 U.S.C. §§ 2201(a), 2202, and Federal Rules of Civil Procedure 8(a) and 57.

**PARTIES, JURISDICTION, AND VENUE**

1.　Judge Coffelt is a retired Judge of the Superior Court of the Virgin Islands and an attorney living on St. Thomas, Virgin Islands.

2.　GERS is a government entity created by the Virgin Islands Legislature. "GERS was 'established as a trust, separate and distinct from all other entities'; endowed with 'the powers and privileges of a corporation'; and required to transact all its business and hold all its assets in its own name." *Gov't Emps. Ret. Sys. of the V.I. v. Gov't of the V.I.*, 995 F.3d 66, 72 (3d Cir. 2021) (quoting Act of June 24, 1959, No. 479, §§ 701(c), 715(a), 1959 V.I. Sess. Laws 92, 94, 104). GERS serves as "a retirement and benefit system for officials and employees of the Government of the United States Virgin Islands and for their dependents and beneficiaries, for the payment of retirement annuities, disability annuities, and other benefits as provided herein to said officials and employees, and to their dependents and beneficiaries, after stated periods of service and upon fulfillment of certain conditions as hereinafter set forth." 3 V.I.C. § 701(a).

2

3. The Court has jurisdiction over this case under 48 U.S.C. § 1612 and 28 U.S.C. § 1331. *See Kendall v. Gov't of the V.I.*, 596 F. App'x 150, 152 (3d Cir. 2015).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which the defendant, GERS, resides and a substantial part of the events giving rise to the claims for relief occurred in this district.

## GENERAL ALLEGATIONS

5. The Virgin Islands Legislature first enacted 3 V.I.C. § 733 as part of Act No. 6391. Section 733 provides that "[e]ach person who becomes a member of the Judiciary after January 28, 1977 . . . shall automatically become a member of [GERS]." 3 V.I.C. § 733(b). "Participation in the system on the part of any member of the Judiciary shall continue until the date he becomes an annuitant, dies or accepts a refund of his contributions thereto." 3 V.I.C. § 733(c).

6. Section 733 further provides that "[t]he provisions of this section with respect to conditions governing membership in the system, rates of contribution, conditions for retirement and rates of annuity . . . apply to all membership of the Judiciary in service on January 28, 1977, and to those who become members of the Judiciary thereafter." 3 V.I.C. § 733(j).

7. "Notwithstanding any other law, the conditions governing eligibility for service retirement for any member of the Judiciary and the amount of the annuity shall be as stated in this section." 3 V.I.C. § 733(e). In turn, "this section" provides that "[v]esting in a service retirement annuity shall attach upon completion of one (1) term" at a rate of "30% of [her] compensation while in office," "beginning at age 50." 3 V.I.C. § 733(e)(1)(A).

8. Judge Coffelt served as a Judge of the Superior Court of the Virgin Islands (then the Territorial Court) from January 14, 1994, to May 12, 2000, at an annual salary of $100,000.

9. On August 29, 2008, Judge Coffelt reached age 50, becoming eligible for the vested service retirement annuity under § 733(e) in the amount of $30,000 per year.

10. Despite the plain language of the statute, GERS has never made any vested service retirement annuity payments to Judge Coffelt as required by § 733(e). GERS has also never provided Judge Coffelt "an annual statement of the benefits or contributions paid by the employer and the employee" as required by statute. 3 V.I.C. § 719(b).

11. Judge Coffelt contacted GERS multiple times regarding the status of her vested service retirement annuity. GERS's responses have been sporadic and failed to provide any valid legal basis for denying Judge Coffelt's vested service retirement annuity.

12. On December 22, 2021, after several years of attempted communications on this issue, GERS Director of Member Services, Shoran Caines Sasso, emailed Judge Coffelt a copy of a letter from Administrator Austin Nibbs addressed to Judge Coffelt and dated May 6, 2019. The May 6 letter stated "you are not currently eligible for an annuity, because your annuity is not adequately financed pursuant to 3 V.I.C. § 733(k)."

13. On December 29, 2021, Judge Coffelt responded in a letter explaining that she never received the letter dated May 6, 2019, because it was sent to an outdated address not used in over 12 years. Judge Coffelt also identified factual errors in the May 6 letter and requested that GERS "[p]lease make another investigation and analysis to ensure that GERS's information and calculations are accurate and provide me with the updated calculations."

14. Judge Coffelt's December 29 letter also requested that GERS provide an accounting of what she paid into GERS during her tenure as a judge and as a law clerk, and support for GERS's claim that she was required to contribute 8 percent of her salary to GERS during her tenure as a judge.

4858-6678-6587

15. On January 5, 2022, Judge Coffelt received another letter from Administrator Nibbs, this one dated December 6, 2021, but not mailed until December 29, 2021. In this letter, GERS advised Judge Coffelt that "we inadvertently did not inform you that you are not currently eligible for an annuity because your annuity is not adequately financed according to 3 V.I.C. § 733(k)." GERS repeated the claim that Judge Coffelt "never paid the required amount during your tenure, thus making you ineligible." The letter also included a form for the refund of Judge Coffelt's contributions, even though Judge Coffelt never requested a refund at any time.

16. The December 6 letter claimed that Judge Coffelt contributed $29,230.75 total to GERS during her time as a law clerk and as a judge. Despite this claim, the accounting provided with this letter shows the $29,230.75 sum to be the total of annual contributions of $5,200 made between March 16, 1995, and June 1, 2000, omitting any contributions made during Judge Coffelt's clerkship or her first year as a judge. GERS again claimed Judge Coffelt was ineligible for the vested service retirement annuity because she was required to pay 8 percent of her annual salary during her time as a judge.

17. On March 11, 2022, Judge Coffelt sent a demand letter to GERS through counsel. There, Judge Coffelt explained that 3 V.I.C. § 733(k), which GERS expressly invoked in denying Judge Coffelt's vested service retirement annuity, was not enacted until 2015—15 years after Judge Coffelt's service retirement annuity "vested" under the express language of § 733(e), and 7 years after Judge Coffelt became eligible to receive the vested service retirement annuity. As a result, applying § 733(k) to revoke the vested service retirement annuity that vested would constitute a violation of the Contract Clause of the United States Constitution, incorporated by the Revised Organic Act of 1954, providing: "No law impairing the obligation of contracts shall be enacted." 48 U.S.C. § 1561.

18.    The March 11 letter further demanded that GERS (1) provide all information requested by the December 29, 2021 letter, including a full accounting of all contributions made to GERS by her or on her behalf; (2) advise when Judge Coffelt can expect to receive the full value of her past due vested service retirement annuity "held in reserve to the credit of the claimant," plus any applicable interest; and (3) advise when Judge Coffelt can expect to begin receiving the semi-monthly distributions required by 3 V.I.C. § 723.

19.    On April 6, 2022, GERS responded to the March 11 demand letter. GERS provided none of the requested information, and provided no explanation for failing to do so—or for its complete failure to ever provide "an annual statement of the benefits or contributions paid by the employer and the employee" required by statute. 3 V.I.C. § 719(b).

20.    In the April 6 letter, GERS failed to acknowledge any of Judge Coffelt's legal arguments or concerns. Instead, GERS made the new and different argument that Judge Coffelt was not eligible for the vested service retirement annuity because she failed to contribute 11 percent of her annual salary while on the bench—as opposed to the 8 percent GERS claimed was required in its previous letters.

21.    Instead of arguing § 733(k) rendered Judge Coffelt ineligible for the vested service retirement annuity, it made another new and different argument that she is not eligible under § 704, despite the unequivocal language of § 733 that "[n]otwithstanding any other law, the conditions governing eligibility for service retirement for any member of the Judiciary and the amount of the annuity *shall be as stated in this section*." 3 V.I.C. § 733(e) (emphasis added). GERS claimed Judge Coffelt would be required to contribute $42,680.27 to receive the vested service retirement annuity, yet still failed to provide any of the requested documentation supporting that calculation. GERS again included a refund form even though Judge Coffelt never requested one.

5

## CAUSE OF ACTION
### (Declaratory Judgment and Further Relief Against GERS)

22.     Judge Coffelt, as a retired Superior Court judge and a member of GERS, has a contractual relationship with GERS defined by the terms of 3 V.I.C. § 733 as that statute existed on the date "[v]esting in a service retirement annuity . . . attach[ed]" as expressly provided by 3 V.I.C. § 733(e)(1)(A).

23.     Under the terms of § 733, "[n]otwithstanding any other law," Judge Coffelt became eligible to receive her vested service retirement annuity of $30,000 per year on August 29, 2008. 3 V.I.C. § 733(e).

24.     GERS has breached the terms of that contractual relationship by failing and refusing to pay Judge Coffelt the vested service retirement annuity.

25.     This failure to pay the vested service retirement annuity constitutes a substantial impairment of the contractual relationship in violation of the Contract Clause of the United States Constitution, as incorporated by the Revised Organic Act of 1954, providing: "No law impairing the obligation of contracts shall be enacted." 48 U.S.C. § 1561.

WHEREFORE, Judge Coffelt demands a jury trial under Federal Rule of Civil Procedure 38(b)(1) and Local Rule of Civil Procedure 38.1, and prays the Court enter judgment against GERS as follows:

A.     Declaring Judge Coffelt has a vested right to the service retirement annuity of 30 percent of her annual salary;

B.     Declaring Judge Coffelt became eligible to receive the vested service retirement annuity in semi-monthly payments of $1,250 on August 29, 2008;

C.     Declaring the total amount of vested service retirement annuity due to Judge Coffelt as of the date of this filing to be $410,000, and entering judgment against GERS for that amount,

in addition to payments that become due through the date of judgment, plus all applicable pre-judgment and post-judgment interest to accrue at the statutory rate;

      D.     Declaring Judge Coffelt is entitled to ongoing semi-monthly payments of $1,250 under her vested service retirement annuity;

      E.     Awarding Judge Coffelt attorney's fees and costs under 5 V.I.C. § 541, and such additional relief as shall be deemed appropriate in the circumstances at law or equity.

Dated this 12th day of May, 2022.

                                                SORAYA DIASE COFFELT, Plaintiff

                                                */s/ Dwyer Arce*
                                                Dwyer Arce (V.I. Bar No. R2090)
                                                KUTAK ROCK LLP
                                                1650 Farnam Street
                                                The Omaha Building
                                                Omaha, Nebraska 68102
                                                (402) 346-6000
                                                Dwyer.Arce@KutakRock.com

                                                *Counsel for Plaintiff*

4858-6678-6587