## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

SORAYA DIASE COFFELT,                            )
                                      )
               Plaintiff,                          )
                                        )
vs.                                              )           Civil No. 2022-34
                                        )
GOVERNMENT EMPLOYEES' RETIREMENT                 )
SYSTEM OF THE VIRGIN ISLANDS,                    )
                                        )
               Defendant.                        )
                                        )
GOVERNMENT EMPLOYEES' RETIREMENT,                )
                                        )
               Third Party Plaintiff,            )
                                        )
vs.                                              )
                                        )
GOVERNMENT OF THE VIRGIN ISLANDS,                )
                                        )
               Third Party Defendant.            )

## <u>MEMORANDUM OPINION and ORDER</u>

This matter is before the Court on plaintiff Soraya Diase Coffelt's motion for sanctions against the Government Employees' Retirement System of the Virgin Islands ("GERS"). [ECF 105]. GERS opposes the motion [ECF 112] and plaintiff filed a reply [ECF 114]. The motion is ripe for resolution.

### I.      BACKGROUND

Coffelt, a former Judge of the Superior (then Territorial) Court of the Virgin Islands, filed this action in May of 2022 against GERS to obtain what she contends is a vested service retirement annuity. [ECF 1]. GERS waived service and timely filed a motion to dismiss. [ECF 6]. On December 15, 2022, the parties stipulated to stay discovery until the motion to dismiss was

decided, which occurred on January 17, 2023.   [ECFs 15, 18].   Shortly thereafter, GERS

answered the complaint and filed a third-party complaint against the Government of the Virgin

Islands ("GVI"), alleging that the GVI, as Coffelt's employer, had failed to properly pay into the

retirement system for Coffelt.   [ECFs 20, 21].   GERS promptly served the GVI.   [ECFs 26, 27].[1]

On April 6, 2023, the Court entered a Trial Management Order ("TMO"), fixing a deadline

for the close of discovery of December 31, 2023, and a dispositive motion filing date of February

6, 2024.   [ECF 53].[2]   The Court held status conferences with the parties to address progress and

discovery issues on July 17, 2023, September 28, 2023, and December 7, 2023.   [ECFs 82, 93,

101].   During these conferences, the parties reported that they generally were proceeding in

accordance with the schedule, although they noted at the December conference that there might be

some minimal follow-up discovery to complete.   [ECF 101].

Meanwhile, plaintiff took the deposition of Shoran Caines-Sasso, individually and as

GERS' 30(b)(6) designee, on October 18, 2023.   [ECF 105-1] at 7.   During the deposition,

certain additional documents were identified that plaintiff wanted but had not previously received,

and plaintiff's counsel stated on the record that the witness was "not familiar with all the issues"

in the 30(b)(6) notice.   *Id*. at 10.   GERS' attorney indicated he would produce any missing

documents and produce the witness for additional questions if needed.   *Id*.

On December 5, 2023, Coffelt's counsel wrote to GERS listing the records identified at

that deposition, and asking they be produced in 10 days.   *Id*. at 12–14.   Coffelt also requested

---

[1] GERS later filed an amended third-party complaint.   [ECF 32].

[2] The schedule in the TMO was based on discussion with the parties and on their Joint Proposed Scheduling Plan. *See* [ECF 50].   The Court shortened slightly the time for several items from those the parties proposed, including the discovery cutoff date and the date for filing dispositive motions.

dates in January to complete outstanding depositions.  *Id.* at 14.  GERS produced additional documents on January 18, 2024.  *See id.* at 19–21.  That same date, Coffelt emailed GERS proposing they complete the GERS deposition on any of four dates, including February 6.  *Id.* at 25–26.  On January 22, 2024, Coffelt noticed the GERS deposition to take place on January 29, 2024.  [ECF 103-6] at 2–5.  While GERS initially balked at another deposition [ECF 105-1] at 25, counsel thereafter agreed, but on January 23 noted he had another commitment on one of plaintiff's proposed dates, January 29.  *Id.* at 23.  GERS thereafter on January 24 reported that the witness was available on February 6.  *Id.* at 22.  Plaintiff pointed out that if the deposition was taken on February 6, the transcript would need to be expedited at great expense to meet the dispositive motion filing deadline of February 15.  Plaintiff agreed to move the date if GERS paid the additional cost.  *Id.*

On January 25, 2024, GERS filed a motion for protective order regarding the January 29 deposition notice.  [ECF 103].  In response, plaintiff filed a "Motion to Compel, Motion for Sanctions, and Opposition" to the motion for protective order.  [ECF 104].  The next day, plaintiff filed an amended motion, the sanctions portion of which is the motion at issue here.  [ECF 105].  After entering a brief order stating that the noticed deposition would not go forward on January 29 [ECF 107], on February 1, 2024, the Court held a video conference with the parties and entered an Order confirming the motion for protective order was moot and that the deposition would take place on February 6, ordering GERS to respond to the sanctions motion by a date certain, and extending the dispositive motion date to March 15, 2024.  [ECF 110].

## II.    LEGAL STANDARDS

District courts have inherent authority and broad discretion to use sanctions when necessary to ensure compliance with pretrial orders.  *Tracinda Corp. v. DaimlerChrysler AG*, 502

*Coffelt v. GERS of the VI*
Civil No. 2022-34
Page No. 4

F.3d 212, 242 (3d Cir. 2007).   In addition, the Federal Rules of Civil Procedure authorize

sanctions for violations of pretrial orders and discovery orders.   If a party fails to obey an order

to provide or permit discovery, the Court "may issue further just orders" providing various kinds

of relief.   Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(c)(1) (imposing sanctions for

failure "to provide information or identify a witness as required by Rule 26(a) or (e)").   Further,

"[i]nstead of or in addition to the orders above, the court must order the disobedient party, the

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an

award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C); *Roadway Exp., Inc. v. Piper*, 447 U.S.

752, 763 (1980) ("Both parties and counsel may be held personally liable for expenses, 'including

attorney's fees,' caused by the failure to comply with discovery orders.").

Federal discovery is premised upon good faith cooperation among the lawyers and the

parties.   *See* Fed. R. Civ. P. 37(f).[3]   When this cooperation is lacking, "Rule 37 sanctions must

be applied diligently both to penalize those whose conduct may be deemed to warrant such a

sanction, [and] to deter those who might be tempted to such conduct in the absence of such a

deterrent."   *Roadway*, 447 U.S. at 763–64 (internal quotations and citation omitted).

"[T]he list of sanctions provided by Rule 37(b)(2)(A) is not exhaustive, and the decision to

impose sanctions is 'generally entrusted to the discretion of the district court.'"   *Clientron Corp.*

---

[3] As the Supreme Court has observed,

> A number of factors legitimately may lengthen a lawsuit, and the parties themselves may cause some of the delays.  Nevertheless, many actions are extended unnecessarily by lawyers who exploit or abuse judicial procedures, especially the liberal rules for pretrial discovery.  The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law.

*Roadway*, 447 U.S. at 757 n.4 (internal citations omitted).

*v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n (Bowers II)*, 475 F.3d 524, 538 (3d Cir. 2007)).   However, "Rule 37(b)(2)(A) is not equivalent to carte blanche; it limits courts' discretion in two ways: 'First, any sanction must be "just"; second, the sanction must be *specifically related* to the particular "claim" which was at issue in the order to provide discovery.'"   *Id.* (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995)).   As the Third Circuit has explained:

> Both of these limitations are rooted in notions of due process.   The first represents the general due process restrictions on the court's discretion.   The second requires that a specific nexus exist between the sanction imposed and the underlying discovery violations.   Or put differently, it requires that the unproduced discovery be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit.

*Id.* at 581 (internal quotations and citations omitted).   "Within the context of these principles, the Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions."   *Craig v. Kelchner*, 2010 WL 528331, at *2 (M.D. Pa. Feb. 11, 2010).

"Rule 37(b)(2)(C) does not require a finding of bad faith or intentional wrongdoing to justify awarding sanctions."   *Miller v. Thompson-Walk*, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019); *see, e.g.*, *Tracinda Corp.*, 502 F.3d at 242 ("regardless of the reason for the failure to produce these documents, the fault for this production failure and the related delays and proceedings which followed, lies with Defendants" (quoting district court opinion)).   Thus, whether an award of expenses is "unjust" does not turn on a party's lack of intent or negligence, but rather "invite[s] a consideration of the degree of the sanction in light of the severity of the transgression which brought about the failure to produce."   *Tracinda Corp.*, 502 F.3d at 241 ("whether a failure to produce is intentional, negligent, or inadvertent is a significant factor in

assessing the severity of the transgression").   "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Deitrick v. Costa*, 2019 WL 6717839, at *4–5 (M.D. Pa. Dec. 10, 2019) (finding sanctions would be appropriate under Rule 37(c)(1) where plaintiff did "not suggest that her failure to disclose certain records was an 'honest mistake' or inadvertent"); *see also Miller*, 2019 WL 2150660, at *9 ("Where withheld documents are clearly relevant and discoverable, parties are not substantially justified in failing to disclose them."); *Tracinda Corp.*, 502 F.3d at 241 ("in the context of Rule 37 sanctions, 'substantial justification' occurs when there is a 'genuine dispute concerning compliance'" (citation omitted)); *see, e.g.*, *Craig*, 2010 WL 528331, at *3 (imposing sanction requiring defense counsel to remit $50 to the court every day until turning over all discovery to plaintiff).

Additionally, a court has the power to sanction counsel for bad faith conduct pursuant to its inherent authority.   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–52 (1991); *Ferguson v. Valero Energy Corp.*, 454 F. App'x 109, 112 (3d Cir. 2011) (noting a court's inherent power "extends to the regulation of attorneys"); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985) (federal courts have the power "to sanction errant attorneys financially" (citing *Roadway*, 447 U.S. at 765)).[4]   "Because of their very potency, inherent powers must be exercised with restraint and discretion."   *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 2001) (quoting *Chambers*, 501 U.S. at 44).   "Thus, a district court must ensure that there is an adequate

---

[4] "[G]enerally a court should not resort to [] sanctions" pursuant to its inherent power where bad-faith conduct in the course of litigation can be adequately addressed by other sanctioning provisions.   *Ferguson*, 454 F. App'x at 112; *see Chambers*, 501 U.S. at 50 ("But if in the informed discretion of the court, neither the statute [i.e., 28 U.S.C. § 1927] nor the Rules are up to the task, the court may safely rely on its inherent power.").

factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified."   *Id.*

A court may only use its inherent power to assess attorney's fees as a sanction in narrowly defined circumstances.   *Roadway*, 447 U.S. at 765.   These rare situations are, for example, when a party has engaged in egregious acts such as litigating in bad faith, abusing judicial processes, or threatening witnesses with violence.   *See, e.g.*, *Republic of Philippines*, 43 F.3d at 73–74; *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975) (party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" subject to sanctions pursuant to a court's inherent power (citation omitted)).

Finally, a court may impose sanctions pursuant to 28 U.S.C. § 1927.   To do so, "a court must find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."   *Toy v. Plumbers & Pipefitters Loc. Union No. 74 Pension Plan*, 317 F. App'x 169, 172 (3d Cir. 2009).[5]   To the extent a party seeks "costs" and "expenses" under § 1927, in addition to attorney's fees, such costs and expenses are limited to those enumerated in § 1920. *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).   Moreover, a party is entitled to only those attorney's fees, costs and expenses that result from the particular misconduct.   *Id*.   While § 1927 grants courts the authority to impose sanctions for misconduct by attorneys, "it is a power which the courts should exercise only in instances of a serious and studied disregard for the orderly

---

[5] 28 U.S.C. § 1927 provides as follows:

> Any attorney . . . admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

process of justice." *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989)

(quotation marks and citation omitted).

### III.    DISCUSSION

Coffelt contends she seeks sanctions because GERS "has consistently delayed and

prevented discovery from being completed in accordance with the Court's scheduling order."

[ECF 105] at 2.   Plaintiff argues that delay has prejudiced her because she has had to pay legal

fees and costs.   *Id*. at 2–3.   Plaintiff initially asked the Court to require the Caines-Sasso

continued deposition to go forward on January 29, 2024, but in the alternative asked the Court to

order GERS to pay all costs associated with obtaining an expedited transcript.   *Id.* at 7.   As a

further alternative, Coffelt suggested extending the motions deadline to March 15, 2024.   *Id*. at 8.

Coffelt also seeks an award of attorney's fees and costs.   *Id*. at 7–8.

In response, GERS points out that plaintiff does not cite any rule or case law to support her

request for sanctions.   [ECF 112] at 1.   It argues that it violated no part of Rule 37, the presumed

rule under which plaintiff seeks sanctions.   *Id*. at 2.   GERS also includes a request for fees and

costs because its motion for a protective order was granted.   *Id*. at 4.

In her reply memorandum, Coffelt reiterates the view that GERS delayed the case and

describes the GERS 30(b)(6) witness as "unprepared," noting she "testified she had not even

reviewed GERS's file regarding Judge Coffelt."   [ECF 114] at 2.   She cites *Black Horse Lane*

*Assoc., L.P. v Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) as approving the imposition of

sanctions in "circumstances identical to this case."   *Id.* at 2–3.

The Court is perplexed by this motion given the circumstances presented here.   While

Coffelt complains of delays, not only did the Court not hear from her regarding any significant

delay until the filing of this motion, in fact the case is on track to meet the schedule put in place

*Coffelt v. GERS of the VI*
Civil No. 2022-34
Page No. 9

from the beginning.   While it is true the dispositive motion date was extended to avoid the cost of

an expedited transcript, this did not affect the trial date, which remains in May of 2024.   Further,

Coffelt does not describe any undue prejudice[6] to her case occasioned by the delay of which she

complains.   There is nothing in the present circumstances at all like those in *Black Horse*.   In

short, the Court finds nothing warranting the imposition of sanctions under Rule 37, § 1927, or the

Court's inherent authority—or any other basis.   And Coffelt identifies none.   To be sure, GERS

might have been more prompt in responding to plaintiff's inquiries.   However, while every litigant

hopes for perfect communication and the absence of any scheduling snags, here the minimal

hiccups encountered simply do not rise to the level of sanctionable.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, and the premises considered, it is ORDERED that

the motion for sanctions is DENIED.   Neither party is entitled to attorney's fees or costs.


**Dated:** February 21, 2024                S\ _____

                                                                  **RUTH MILLER**
                                                                  United States Magistrate Judge

---

[6] Examples of cases in which undue prejudice was found include *Mendez v. Puerto Rican Int'l Companies, Inc.*, 2013 WL 5460438, at \*5 (D.V.I. Sept. 27, 2013) ("Excessive delay may create a presumption of prejudice."), *Tracinda Corp.*, 502 F.3d at 242 (defendant's "late production prejudiced Tracinda's whole trial preparation strategy by its effect on Tracinda's 'ability to develop its case, including most particularly its impact on Tracinda's decision of who to depose, the order of depositions and the substance and conduct of the trial prior to the revelation of the documents'" (citation omitted)), and *Beaver Res. Corp. v. Brawand*, 618 F. App'x 736, 739 (3d Cir. 2015) ("Prejudice takes many forms, including 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" (quoting *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008))).   In contrast, Coffelt's attorney appears more to have been inconvenienced, rather than plaintiff being truly harmed.